UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Steven J. Lundmark, | Court File No. 22-cv-1493 (KMM/LIB) |
| Plaintiff, | ORDER FOR DISTRIBUTION OF SETTLEMENT PROCEEDS |
| vs. | |
| Beltrami County, et al., | |
| Defendants. | |

---

This matter came before the Court on Plaintiff's Petition for Distribution of Settlement Proceeds Pursuant to Minn. Gen. R. Pract. 144.05 (Doc. No. 96). Steven J. Lundmark is the brother and Trustee for the Heirs and Next of Kin of Bruce James Lundmark, Decedent. Steven Lundmark is also the Plaintiff in this action.

On June 3, 2022, Plaintiff commenced this wrongful death action against numerous defendants. Plaintiff has now reached a settlement with the Beltrami County and Clearwater County Defendants in the total amount of $150,000.00, and seeks an order for distribution of settlement proceeds pursuant to Minn. Gen. R. Pract. 144.05. All of the heirs and next of kin agree with Plaintiff's proposed distribution of settlement proceeds and have submitted signed declarations requesting that Plaintiff's Petition for Distribution of Settlement Proceeds be granted.

Under the Local Rules of the United States District Court for the District of Minnesota, in cases where courts are asked to approve distribution of wrongful-death settlement proceeds, this Court follows the State of Minnesota's procedures for considering

1

such a petition. D. Minn. LR 17.1. Such matters are governed by Minn. Stat. § 573.02 and Minn. Gen. R. Prac. 144. Recovery in a wrongful-death action is for the "exclusive benefit of the surviving spouse and next of kin, proportionate to the pecuniary loss severally suffered by the death." Minn. Stat. § 573.02, subd. 1. The trial court "determines the proportionate pecuniary loss of the persons entitled to the recovery and orders distribution accordingly." *Id.* Under Minnesota Rule of General Practice 144.05 the trustee must file a verified petition that demonstrates, among other things, the amount of the settlement, the funds to be distributed and the proportionate share to be received by each next of kin, that notice was provided to each next of kin, and the amount to be provided to the trustee's attorney in attorney's fees and costs.

Having reviewed the Trustee's Petition in this case and considering the governing standards, the Court finds that the procedural requirements relevant to the petition have been satisfied, approves the proposed distribution as both fair and adequate, and concludes that the attorney's fees and costs to be paid to the Trustee's counsel are reasonable. Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Petition for Distribution of Settlement Proceeds Pursuant to Minn. Gen. R. Pract. 144.05 (Doc. No. 96) is **GRANTED**; and

2. Plaintiff's $150,000.00 settlement with the Beltrami County and Clearwater County Defendants shall be disbursed as directed below:

    a. **$15,000.00** to Steven J. Lundmark (decedent's brother);

    b. **$15,000.00** to Sherryl Love (decedent's sister);

    c. **$15,000.00** to Evonne Lundmark Ulmer (decedent's sister);

d. **$15,000.00** to Sheila Ann Symanowicz (decedent's sister);

e. **$15,000.00** to Traci Lundmark (decedent's niece);

f. **$15,000.00** to Tamra Devault (decedent's niece); and

g. **$60,000.00** to The Law Office of Zorislav R. Leyderman for attorney's fees.

Dated: June 26, 2025                                      <u>s/Katherine Menendez</u>
                                                          Kate M. Menendez
                                                          United States District Court